947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Russell James WOOD, Plaintiff-Appellant,
v.
Melvin J. FREEDMAN, Alan J. Stein, Norman Taylor, Chester
Hill, Edward Duvivier, Harold J. Kolb, Central Illinois
Medical Review Organization (Cimro), Thomas O'Neill, R.
West, DBA Follmer & West (Cimro's Attorney), Crescent
Counties Foundation for Medical Care, T.R. Hyngstrom, W.
Adair & L.M. Trusdell, Marshall T. Hale, Michael Brewer,
Michael Pick, George Taylor, Walter R. Williams, J.D.
Winterhalter, Robert Bruce, One or More John Does and
Christopher Green, Defendants-Appellees.
 No. 89-3685.
 United States Court of Appeals, Seventh Circuit.
 Argued Aug. 6, 1991.
Decided Oct. 25, 1991.
 
 Before CUDAHY and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Dr. Russell J. Wood brought this action under 42 U.S.C. § 1320c-5(b)(4) against twenty defendants, including two peer review organizations ("PROs") and their physician members, based on a sanction recommendation of the PROs to exclude him from participating in the federal Medicare program for a one-year period. Dr. Wood alleged violations of the federal and Missouri constitutions and antitrust laws, the federal RICO statute, as well as various common law torts. The district court, relying on the Eighth Circuit's decision in Kwoun v. Southeast Missouri Professional Standards Review, 811 F.2d 401 (8th Cir.1987), cert. denied, 486 U.S. 1022 (1988), dismissed the action on the ground that the defendants were absolutely immune from liability. Dr. Wood appeals from this dismissal. We affirm.
 
 
 2
 In Kwoun, the Eighth Circuit held that the PROs and their physician members, acting as federal officials, had absolute immunity from constitutional and common law claims arising out of the exclusion sanctions process. 811 F.2d at 406-09. The Eighth Circuit based its holding on the prosecutorial nature of the PROs' review activities after considering the factors specified in Butz v. Economou, 438 U.S. 478, 513 & 515-16 (1978). Id. at 408-09. It reasoned that absolute immunity for PROs leads to an effective, efficient and economical Medicare program, and is " 'essential for the conduct of public business' in this critical health care area." Id. at 409 (quoting Butz, 438 U.S. at 507). It reasoned further that the availability of administrative and judicial review, coupled with the power of the Department of Health and Human Services to terminate its contract with a PRO, provide adequate safeguards against abusive PRO practices. Id.
 
 
 3
 We agree with the Eighth Circuit's reasons for extending to PROs and their members the protection of absolute immunity for sanction activities, and therefore apply the holding in Kwoun to preclude Dr. Wood's claims against the defendants. Cases in this and other circuits support the same rule. See Scott v. Schmidt, 773 F.2d 160 (7th Cir.1985) (harness racing counsel); Trotter v. Klincar, 748 F.2d 1177 (7th Cir.1984) (parole board); Reed v. Village of Shorewood, 704 F.2d 943 (7th Cir.1983) (liquor commissioner); Ashbrook v. Hoffman, 617 F.2d 474 (7th Cir.1980) (partition commissioner); see also Austin Mun. Sec., Inc. v. Nat'l Ass'n of Sec. Dealers, 757 F.2d 689 (5th Cir.1985) (disciplinary officers of securities dealers' association); Bushman v. Seiler, 755 F.2d 653 (8th Cir.1985) (consultant to medicare carrier for HHS); Simons v. Bellinger, 643 F.2d 774 (D.C.Cir.1980) (disciplinary committee members of bar association). Neither the Supreme Court's decision in Westfall v. Erwin, 484 U.S. 292 (1988), nor the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act"), impacts upon this rule. The Westfall decision does not apply to federal officials acting in a prosecutorial capacity, whereas the Westfall Act excludes from its coverage independent contractors like PRO members, see Leone v. United States, 910 F.2d 46, 49-50 (2d Cir.1990), cert. denied, 111 S.Ct. 1103 (1991).
 
 
 4
 Dr. Wood's first argument for disregarding Kwoun is that the defendants do not rank high enough in the federal hierarchy to qualify for absolute immunity. This argument lacks merit. The Supreme Court and this Court have held that it is not the rank of the public official but his function that determines the immunity afforded him. See, e.g., Burns v. Reed, 111 S.Ct. 1934, 1939 (1991); Butz, 438 U.S. at 508; Barr v. Mateo, 360 U.S. 564, 572-74 (1959); Buckley v. Fitzsimmons, 919 F.2d 1230, 1240 (7th Cir.1990); Mother Goose Nursery Schools, Inc. v. Sendak, 770 F.2d 668, 671 (7th Cir.1985), cert. denied, 474 U.S. 1102 (1986); Oyler v. Nat'l Guard Ass'n, 743 F.2d 545, 553 (7th Cir.1984).
 
 
 5
 Dr. Wood's second argument is that the indemnification and limited liability provisions contained in 42 U.S.C. § 1320c-6 show that Congress sought to rule out absolute prosecutorial immunity for PRO sanction activities. The Eighth Circuit rejected this argument in Kwoun, concluding that "Congress, unaware that the courts would find some consultants advising government agencies to be federal actors for immunity purposes," enacted the provision as "an effort to extend some protection to people who were thought to have none, rather than an attempt to restrict protection already acknowledged to exist." Kwoun, 811 F.2d at 409 n. 13 (emphasis in original). We concur in this conclusion. We find no evidence that Congress intended to abrogate the common law immunities available to the PROs and their physician members when they engage in quasi-prosecutorial functions, and refuse to create any such an intent when Congress is silent.
 
 
 6
 AFFIRMED.
 
 CUDAHY, Circuit Judge, dissenting:
 
 7
 Although the peer review defendants here are entitled to a qualified immunity, I am not persuaded that they are entitled to a more sweeping absolute immunity. 42 U.S.C. § 1320c-6(b), which applies to the peer review defendants, provides as follows:
 
 
 8
 (b) Employees and fiduciaries of organizations having contracts with Secretary. No organization having a contract with the Secretary under this part [42 USCS §§ 1320c et seq.] and no person who is employed by, or who has a fiduciary relationship with any such organization or who furnishes professional services to such organization, shall be held by reason of the performance of any duty, function, or activity required or authorized pursuant to this part [42 USCS §§ 1320c et seq.] or to a valid contract entered into under this part [42 USCS §§ 1320c et seq.], to have violated any criminal law, or to be civilly liable under any law of the United States or of any State (or political subdivision thereof) provided due care was exercised in the performance of such duty, function or activity.
 
 
 9
 In the face of this specific statutory prescription, we may not assume that Congress believed that there was a common-law absolute privilege and chose to add to it. It seems more reasonable to me that Congress intended to provide the full extent of the intended privilege in the statute and by implication rejected a more extensive common-law immunity. The problem is ably addressed by Judge Heaney dissenting in Kwoun, 811 F.2d 401, 410.